## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| K.Y., et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:24-cv-03056 (CJN) |
| DISTRICT OF COLUMBIA, et al., | |
| *Defendants*. | |

## JOINT STATUS REPORT

Plaintiffs K.Y. and D.J., and Defendants District of Columbia and Sam Abed, in his official capacity as the Director of the D.C. Department of Youth Rehabilitation Services (collectively, "the District"), respectfully submit this response to this Court's October 31, 2024 Minute Order. This Joint Status Report addresses (1) a proposed briefing schedule for Plaintiffs' Motion for a Preliminary Injunction ("Motion") as well as a proposed briefing schedule for Plaintiffs' Motion for Class Certification (ECF 2), (2) a statement addressing whether a hearing on Plaintiffs' Motion is necessary, and (3) a statement addressing whether the Parties anticipate factual disputes between affiants.

**1.    Proposed Briefing Schedule for Plaintiffs' Motion for a Preliminary Injunction and Motion for Class Certification**

Plaintiffs' Position

*Motion for a Preliminary Injunction.*  Plaintiffs propose the following briefing schedule for their Motion for a Preliminary Injunction:

- November 13, 2024 — Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction

- November 20, 2024 — Plaintiffs' Reply to Defendants' Opposition

Local Civil Rule 65.1(c) provides that an "opposition" to an application for a preliminary injunction "shall be served and filed within *seven days* after service of the application for preliminary injunction" (emphasis added).  Plaintiffs filed their motion on October 30, 2024 and service on the District was effectuated that same day.  *See* Proof of Service, ECF No. 9.  Plaintiffs' proposed briefing schedule provides Defendants with two weeks to respond to their motion, twice the period contemplated by the local rules.  Not only is this schedule more generous to Defendants than the timeline set out in the rules, but parties in this District regularly brief issues of systemic relief on comparable timelines. *See, e.g., Mathis v. U.S. Parole Commission*, No. 1:24-cv-1312 (TNM) (D.D.C. filed May 6, 2024) (disability discrimination case against two federal agencies responsible for overseeing parole and supervised release; PI motion filed May 6; defendants filed opposition May 21); *Lewis v. U.S. Parole Commission*, 22-cv-2182 (RCL) (D.D.C. filed July 25, 2022) (putative class action against the U.S. Parole Commission for failure to hold timely parole termination hearings; TRO and PI as to named plaintiff filed on July 25, 2022, and Defendants filed opposition three days later); *Hinton v. District of Columbia*, No. 1:21-cv-1295 (JDB) (D.D.C. filed May 11, 2021) (jail housing discrimination / conditions case against the District of Columbia; PI/TRO and class certification motions filed May 11; after District mooted the TRO, it filed oppositions to *both* the PI and class certification motions on June 18).  Additionally, Plaintiffs' proposed schedule will enable the Court to timely hold a hearing on their motion, as discussed *infra*, Section II.  *See* Local Civ. R. 65.1(d).

Plaintiffs' Motion is supported by the sworn declarations on which they intend to rely and presents facts warranting expedited relief.  This litigation concerns Defendants' practice of failing to meet the rehabilitative needs of children in their custody and instead unlawfully extending the amount of time children spend in a jail-like setting.  As detailed in Plaintiffs' Motion, every

additional day that Plaintiffs and putative class members—who are all children—spend detained at the Youth Services Center causes irreparable harm to their mental, emotional, and physical wellbeing because they are denied necessary, rehabilitative services and instead needlessly exposed to the harms attendant to detention. *See* Pls.' Mot. for a Prelim. Inj. 38–43, ECF No. 7-1. For children, any extension of a period of detention is significant in their lives. *Id.* at 39–40. And because the putative class includes children who will be committed to the custody of the Department of Youth and Rehabilitation Services ("DYRS") and subject to its unlawful practices in the future, any delays in resolution result in even more children being harmed. Plaintiffs' proposed schedule balances their urgent need for relief with Defendants' request for a slower schedule by giving Defendants twice the amount of time to respond that is prescribed by the local rules and then otherwise tracking the local rules' expectation that preliminary injunction should be resolved expeditiously.

Defendants' requested date of January 6, 2025 for their opposition is 68 days from the date of service, over nine times as long as prescribed by the local rules. The factual background of this litigation is well known to the District, including both DYRS and the Office of the Attorney General, which have repeatedly publicly acknowledged the awaiting placement delays and the resultant harms to putative class members languishing in detention. *See* Pls.' Mot. for a Prelim. Inj. 8–11; *see id.* at 39. Indeed, many of the statistics in Plaintiffs' Motion and facts in the supporting declarations are information already within Defendants' knowledge and possession and do not require a delay of months for investigation. The timeframes in Plaintiffs' requested relief similarly are not plucked out of thin air: they are based on mandatory, statutory deadlines in D.C. Code § 16-2319, as well as DYRS's own representations of its goal to place children in 30 days. *Id.* at 22. And as Defendants acknowledge below, Plaintiffs' Motion presents "overlapping," *infra*

at 6, constitutional, statutory, and common law tort claims, all of which address the same set of facts and for none of which Defendants have demonstrated why they would require over two months to brief for the Court to be able to conduct a "fulsome examination," *id*. Against these considerations is the irreparable nature of the harm here—the daily, continuing decompensation of children while they sit in a jail-like facility without receiving critical rehabilitative services.

*Motion for Class Certification*. Plaintiffs filed their Motion for Class Certification on October 28, 2024. A courtesy copy was provided to Defendants' counsel that same day, and service on the District was effectuated on October 30, 2024. *See* Proof of Service, ECF No. 9. Ordinarily, an opposition to a motion is due within 14 days of the date of service. Local Civ. R. 7(b). However, in view of Defendants' position regarding the additional time that they argue they need to respond to Plaintiffs' Motion for a Preliminary Injunction, Plaintiffs are amenable to a longer briefing schedule for their Motion for Class Certification. Plaintiffs propose the following schedule:

- December 14, 2024 — Defendants' Opposition to Plaintiffs' Motion for Class Certification

- December 23, 2024 — Plaintiffs' Reply to Defendants' Opposition

This 45-day period to respond to Plaintiffs' Motion for Class Certification should suffice; as Defendants acknowledge, parts of the response regarding preliminary injunctive relief will necessarily implicate these issues (and the Court may address them through provisional class certification).

*Responsive Pleadings.* The Parties agree that Defendants' deadline to respond to Plaintiffs' Complaint, ECF No. 1, may be held in abeyance pending resolution of Plaintiffs' Motion for a Preliminary Injunction.

<u>Defendants' Position:</u>

The District proposes that its opposition to Plaintiffs' motion for a preliminary injunction be due 60 days from the date of this filing, January 6, 2025. Per Plaintiffs' request for a reply being due 7 days thereafter, Plaintiffs' reply would then be due January 13, 2025, however, the District would be amenable to a further date if necessary to accommodate Plaintiffs' schedules.

The District's request is directly responsive to the many significant and complicated factual and legal issues presented by Plaintiffs' Motion, as well as Plaintiffs' failure to identify a concrete, specific necessity for a resolution on any shorter of a timeframe. Plaintiffs allege that "DYRS's process for placing children has entirely broken down." Mem. Supp. Pls.' Mot. Prelim. Inj. [7-1] (Pls.' Mem.) at 7; *see also id*. at 6 ("DYRS has been systematically failing to timely place children at facilities . . . ."). Plaintiffs also seek preliminary emergency systemic relief across multiple categories of functions of DYRS seemingly on behalf of an entire putative class. In total, Plaintiffs want the Court to assert direct authority over the agency's processes and functions necessary for children currently at the Youth Services Center (YSC) to be moved to placements that meet their rehabilitative needs, including the completion of their initial assessments and individualized treatment plans, all of which is to be completed within certain specific timelines delineated by Plaintiffs, *and* for the Court to receive weekly updates detailing the precise status of every person encompassed within Plaintiffs' proposed relief with historical dates for each interim step along with "anticipated date[s]" for their ultimate placement. *See* Proposed Order [7-13]. And Plaintiffs proffer numerous declarations, *see* Pls.' Exs. 1–6, 8–10, and statistics, *see, e.g.*, Pls.' Mem. at 11, which they allege support the granting of such relief. The District simply requires significantly more time than is proposed by Plaintiffs to fully investigate the relevant facts and prepare a

response that would allow the Court to fairly assess the necessity of such extraordinarily broad relief.

Further, Plaintiffs' Motion also presents complicated and potentially dispositive legal issues. First, Plaintiffs have filed a motion for class certification and seek preliminary, interim relief on behalf of that entire class. As such, the appropriateness of class-wide relief itself is at least implicated, if not directly raised, by the preliminary injunction motion, and will have to be addressed in the District's response. Additionally, Plaintiffs have brought seven distinct, though overlapping counts asserting claims under federal law, *see* Compl. [1] at 22, 24 (42 U.S.C. § 1983, for due process claims), directly under the Constitution via the Court's "inherent equitable power," *see id.* at 26, 28 (also for due process claims), the common law, *see id.* at 29, 32 (negligence, and negligence *per se*), and D.C. law, *see id.* at 30 (D.C. Code § 16-2319). Plaintiffs' Motion argues for the likelihood of their success on the merits on all of them. *See, e.g.*, Pl.'s Mem. at 15–38. But each such claim has elements that must be met for Plaintiffs to ultimately prevail, such as the *Monell* elements for claims under Section 1983. *See, e.g.*, *id.* at 31–34. For just one of Plaintiffs' due process claims alone, Plaintiffs discuss no less than "three different, interrelated standards from the Supreme Court." *See id.* at 17–24. Simply put, the Court should not entertain entering extensive, systemic preliminary injunctive relief without a fulsome examination of the legal basis for Plaintiffs' claims, which the District fairly requires time to prepare.

Lastly, Plaintiffs have not explained what *particular* harm they may face in the interim while briefing for this case is completed. It is clear that Plaintiffs have had grievances against DYRS pertaining to the timeliness of placements for some time, as evidenced by the February 14, 2024 letter cited by Plaintiffs. *See* Pls.' Ex. 7 [7-9]. However, they did not file this suit until October 28, 2024. *See* Compl. Given that a period of eight months has already passed, then,

Plaintiffs offer no explanation why any member of the class or the named Plaintiffs would be at this point harmed in a unique or pressing manner that would justify setting a briefing schedule too short for the District to adequately present the Court with the facts and law required for the Court to make a reasoned consideration of the Motion. *See* LCvR 65.1(d) (indicating that a hearing later than 21 days is appropriate where such "later hearing date will not prejudice the parties").

As such, a 60-day briefing period is eminently reasonable here. The District has previously been granted significant extensions beyond the seven days provided in LCvR 65.1(c) to respond to preliminary injunction motions seeking systemic relief on a complex factual and legal record. *See* Minute Order, *Robertson v. District of Columbia*, No. 1:24-cv-00656 (PLF) (D.D.C. Mar. 27, 2024) (granting a 45-day deadline); Minute Order, *Charles H. v. District of Columbia*, No. 11:21-00997 (CJN) (D.D.C. April 16, 2021) (granting a 60-day deadline, by consent); Minute Order, *Hanson v. District of Columbia*, No. 1:22-cv-01878 (RDM) (D.D.C. July 15, 2022) (granting a 60-day deadline); *Heller v. District of Columbia*, No. 1:22-cv-01894 (DLF) (D.D.C. July 14, 2022) (granting a 60-day deadline).[1]

The District further requests that its opposition to Plaintiffs' motion for class certification be due 45 days after briefing completes on Plaintiffs' motion for a preliminary injunction, and that, as Plaintiff has consented, the District's responsive pleading deadline be stayed pending resolution of the preliminary injunction motion. The District submits that completing briefing on the class certification motion following briefing on the preliminary injunction satisfies Rule 23(c)(1)(A)'s

---

[1] *Hinton v. District of Columbia*, No. 1:21-cv-1295 (JDB) (D.D.C. filed May 11, 2021), supports the District's position here because that case involved fewer claims, a smaller class, and more narrow agency policy (the housing unit assignment for transgender inmates at the D.C. Jail) than what is at issue in this matter; nevertheless, even in that case the District was ultimately afforded a total of 38 days from the filing of the preliminary injunction motion to respond. *See* June 9, 2021 Minute Order, *Hinton*, No. 1:21-cv-1295 (JDB).

admonition to consider certification "[a]t an early practicable time," by balancing the need to address the motion for interim injunctive relief while proceeding with the certification briefing immediately afterwards, prior to the responsive pleading deadline. This briefing schedule would additionally leave room for the Court's discretion as to the most efficient resolution of these two preliminary matters, while allowing the District sufficient time to address the various factors that specifically pertain to the appropriateness of class certification. *See* Fed. R. Civ. P. 23(a)(1)–(4), (b)(2). As to the responsive pleading date, because the preliminary injunction motion will necessarily consider Plaintiffs' likelihood of success on the merits, its resolution before the District's obligation to respond to the complaint will help guide the efficient progression of this matter by refining the legal and factual issues at stake.

## 2.    Hearing on Plaintiffs' Motion for a Preliminary Injunction

<u>Plaintiffs' Position:</u>

Plaintiffs request a hearing on their Motion for a Preliminary Injunction because of the importance of the issues at stake. Because Plaintiffs have provided a "statement of the facts which make expedition essential," a hearing should ordinarily be set "no later than 21 days after" the filing of Plaintiffs' Motion. Local Civ. R. 65.1(d). In light of Plaintiffs' proposed briefing schedule, which provides seven days of additional time for Defendants' opposition, Plaintiffs request that a hearing be scheduled anytime on November 26 or November 27 (i.e., 27 or 28 days after the filing of Plaintiffs' Motion). Plaintiffs are also available on December 3. Plaintiffs have conferred with Defendants' counsel and understand that while Defendants disagree with Plaintiffs' proposed schedule, lead counsel for Defendants is available on those dates.

Defendants' Position:

The District submits the decision whether to hold a hearing on the preliminary injunction motion to the Court's discretion.

**3.    Factual Disputes**

Plaintiffs' Position:

Plaintiffs have presented sworn declarations and other factual support as exhibits to their Motion for a Preliminary Injunction.  In accordance with the Court's October 31 Minute Order, Plaintiffs asked Defendants at the parties' meet-and-confer about any anticipated factual disputes. Defendants were unable to specify any disputes.  As a result, Plaintiffs are presently unaware of any anticipated factual disputes.

Defendants' Position:

The District submits that, at this time prior to its preparation of a full responsive brief, it is unable to determine whether it intends to rely on witnesses who may dispute the facts alleged by Plaintiffs' witnesses.  The District is prepared to further consult with Plaintiffs prior to any hearing that is set in this matter regarding the necessity for witnesses and to update the Court accordingly, within the time established by LCvR 65.1(d) (72 hours before the hearing), or at such other time as the Court may prefer after the District's opposition has been filed.

Dated:  November 7, 2024

Respectfully submitted,

/s/ Megan Yan

Megan Yan, D.C. Bar No. 1735334
Hanna Perry, D.C. Bar No. 90003756
Maya Chaudhuri, D.C. Bar No. 1779875

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General

PUBLIC DEFENDER SERVICE FOR THE
DISTRICT OF COLUMBIA
633 3rd Street N.W.
Washington D.C. 20001
(202)-824-2201
myan@pdsdc.org
hperry@pdsdc.org
mchaudhuri@pdsdc.org


Scott Michelman, D.C. Bar No. 1006945
Aditi Shah*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
smichelman@acludc.org
ashah@acludc.org

* Application for admission *pro hac vice*
forthcoming; application for admission to the
D.C. bar pending; practice limited to federal
courts.

*Counsel for Plaintiffs*

Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section


*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Brendan Heath*
BRENDAN HEATH [1619960]
AMANDA C. PESCOVITZ [1735780]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 442-9880
(202) 769-6157 (cell)
brendan.heath@dc.gov

*Counsel for Defendants*