**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **K.Y.**, *et al.*,  **Plaintiffs,**  v.  **DISTRICT OF COLUMBIA**, *et al.*,  **Defendants.** | **Civil Action No. 1:24-cv-03056-CJN** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF DEFENDANTS' OPPOSED MOTION TO SEAL**
**HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

**INTRODUCTION**

Defendants District of Columbia and Sam Abed move for the Court to conduct the

forthcoming hearing on Plaintiffs' motion for a preliminary injunction [7] under seal.  *See* Fed.

R. Civ. P. 5.2(d); LCvR 5.1(h).

**ARGUMENT**

The District's opposition and accompanying exhibits to Plaintiffs' Motion for

Preliminary Injunction reference and rely on sensitive and confidential information, including

Plaintiffs' juvenile case records.  In order to keep this information confidential, in the context of

adjudicating Plaintiffs' motion for a preliminary injunction, Defendants request that the Court

seal the hearing on that motion.

Although the public generally has a right of access to civil proceedings, "[t]he First

Amendment right of access [ ] is not absolute."  *In re Guantanamo Bay Detainee Litigation*, 624

F. Supp. 2d 27, 38 (D.D.C. 2009).  Rather, public access can be curtailed "by an overriding

interest based on findings that closure is essential to preserve higher values and is narrowly

tailored to serve that interest." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C. 2008); *see also* Fed. R. Civ. P 77(b) (authorizing the Court to conduct "[a]ny [ ] act or proceeding," excepting a trial on the merits, in chambers rather than in open court). The information at issue easily qualifies. District law explicitly makes juvenile case records, social records, and law enforcement records confidential, *see* D.C. Code §§ 16-2331(b), 16-2332(b), 16-2333(a), and forbids their unauthorized disclosure, *see* D.C. Code §§ 16-2331(i), 16-2332(h), 16-2333(a).[1] Unauthorized disclosures in violation of these provisions constitutes a criminal offense in the District of Columbia. *See* D.C. Code § 16-2336.

Plaintiffs, too, recognize the importance of confidentiality in this matter. *See, e.g.*, Mot. Leave to Allow Plaintiffs' Next Friends to Proceed Under Pseudonyms [6] at 3–4 (citing D.C. Code § 16-2331(b)). In fact, as Plaintiffs point out, the usual practice of the Superior Court in juvenile cases is that "the general public shall be excluded . . . ." *Id.* at 4 (quoting D.C. Super. Ct. R. Juv. P. 53(a)); *see also id.* at 3 (citing *In re J.D.C.*, 594 A.2d 70, 76 (D.C. 1991) ("The interests of the juvenile . . . are most often best served by anonymity and confidentiality."). Like Plaintiffs in seeking to proceed pseudonymously, the District too does not seek "merely to avoid the annoyance and criticism that may attend any litigation," *id.* at 5 (quoting *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019), but rather to preserve the statutorily-mandated interest in strict confidentiality of juvenile records.

Nor is there a viable way to preserve this confidentiality at the forthcoming hearing short of sealing it. The District recognizes that certain facts of relevance to this case are not so

---

[1]    Accordingly, the Civil Division of the Office of the Attorney General for the District of Columbia has sought and obtained authorization to obtain the relevant case records from the Family Division of the Superior Court of the District of Columbia for those records relevant to its defense in this matter. *See, e.g.,* D.C. Code § 16-2331(c)(5).

2

protected by the juvenile confidentiality statutes, such as public statements or pending

legislation, but the District's defense to the pending motion relies on the individual

circumstances of Plaintiffs' case and social histories in several different essential respects. *See,*

*e.g.*, Defs.' Opp'n Pls.' Mot. Prelim. Inj. [18-4] at 15–16 (discussing why Plaintiffs' individual

circumstances do not amount to violations of due process), 24–25 (discussing why their

circumstances do not demonstrate municipal liability), 29 (discussing why their circumstances do

not support exercising supplemental jurisdiction).

       As such, this proceeding is akin to one in which information protected by statute, such as

classified information or grand jury matters, "might be revealed during an oral argument," *Dhiab*

*v. Trump*, 852 F.3d 1087, 1094 (D.C. Cir. 2017). "In such cases the court's security officer

'seals' the courtroom—that is, excludes the public . . . ." *Id*. ("This is done not only in criminal

[matters] but also in civil cases."). When there is such a pervasive "danger of revealing" the

protected information, *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 501 (D.C. Cir. 1998), it

is perfectly appropriate to seal an entire hearing. Otherwise, "[t]o suppose that the First

Amendment compels the court to . . . empty[ ] the courtroom each time a [protected] matter

reaches the tip of an attorney's or the judge's tongue is to suppose the ridiculous." *Id*. "'[C]ourts

cannot conduct their business that way,' nor should they be compelled to do so." *Id*. (quoting

*United States v. Smith*, 123 F.3d 140, 153 (3d Cir. 1997)). Nor would requiring counsel to

approach the bench every time the Court or one of the attorneys wishes to discuss or argue a

point bearing on a protected record or material be a practical alternative, because the central

importance of such records and materials to this case would require a great proportion of the

argument to be held at the bench. Such an alternative would offer little to no advantage above

simply holding the hearing in chambers, as the Court would be authorized to do under Rule

77(b), and which would necessarily exclude the general public.  Further, it would offer little comfort to counsel—or the Court—given that the criminal sanctions associated with disclosure of this information make no exception for inadvertent disclosure.

Finally, the same factors that supported the Court's sealing of Plaintiffs' and the Defendants' briefs supports sealing the motions argument here.  *See Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).  Those factors consist of:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id*. (quotations and citations omitted).

The public does not need access to a motions argument which fundamentally relies on the juvenile case and social history of Plaintiffs.  To the extent the public would need insight into the reasoning for whatever order the Court enters on the pending motion, that need can be accommodated by the issuance of a memorandum opinion which omits or redacts any confidential information.  Similarly, the public would not have any previous access to such arguments pertaining to Plaintiffs; indeed, as noted, *all* proceedings in Plaintiffs' underlying cases are closed and their records protected by statute, so there has not been any previous public disclosure of Plaintiffs' circumstances.  D.C. Super. Ct. R. Juv. P. 53(a); D.C. Code §§ 16-2331(b), 16-2332(b), 16-2333(a).  For factors (3) through (5), the District objects to conducting the hearing in open court, its interests in confidentiality are extremely strong, and it faces great prejudice should closure not be ordered, the practical effect of which would be to force counsel to either tediously refrain from disclosing confidential information essential to the District's defense during argument or risk exposure to criminal penalties.  *See* D.C. Code §§ 16-2331(i),

4

16-2332(h), 16-2333(a); *see also Riley v. Fenty*, 7 A.3d 1014, 1016 (D.C. 2010) (noting that District law states that DYRS records shall remain privileged and confidential and may only be released "to limited persons and agencies, and for limited purposes."); *Hamilton v. District of Columbia*, 152 F.R.D. 426, 427 (D.D.C. 1994) (noting the same).

Finally, the question of a hearing in this matter was occasioned by Plaintiffs through the filing of their motion, but Plaintiffs too have relied on the same heavy interests in confidentiality as the District cites here, in moving for their next friends to proceed under pseudonyms [6], to file exhibits in support of their motion for a preliminary injunction under seal [8], and to file their reply in support of that motion under seal [19]. The District did not oppose any of those motions, just as Plaintiffs did not oppose the District's motion to file its opposition to the motion for a preliminary injunction under seal [18]. Holding the forthcoming hearing under seal is just as amply warranted as the sealing of those documents, and for that reason, the Court should so order.

## CONCLUSION

For the foregoing reasons, the Court should grant the District's motion to seal the forthcoming hearing on Plaintiffs' Motion for Preliminary Injunction.

Dated: December 11, 2024.                    Respectfully submitted,

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Brendan Heath*

AMANDA C. PESCOVITZ [1735780]
BRENDAN HEATH [1619960]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
(202) 442-9880
(202) 769-6157 (cell)
brendan.heath@dc.gov

*Counsel for Defendants*